UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE LUIS RODRIGUEZ KANZLER,<br>Petitioner,<br>v.<br>CHRISTOPHER CHESTNUT,<br>Respondent. | No. 1:26-cv-08228-DAD-AC (HC)<br><br>ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS AND DENYING PETITIONER'S MOTION FOR TEMPORARY RESTRAINING AS MOOT<br><br>(Doc. Nos. 1, 2) |

On October 7, 2026, petitioner, proceeding *pro se*, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging his detention by U.S. Immigration and Customs Enforcement ("ICE"). (Doc. No. 1.) That same day, petitioner filed a motion for temporary restraining order seeking his immediate release from custody (Doc. No. 2). On October 8, 2026, the court set a briefing schedule on the pending motion for temporary restraining order and directed respondent to address whether any provision of law or fact in this case would distinguish it from the circumstances addressed in several cited prior cases that this court has decided. (Doc. No. 4.) Respondent was further directed to state any opposition that he had to the court's stated intention to rule on the underlying petition based on the current briefing before it as well as to provide substantive reasons in support of his position in this regard in his opposition. (*Id.*)

/////

On October 13, 2026, respondent filed an opposition to the petition and the motion for temporary restraining order. (Doc. No. 6.) In that opposition, respondent failed to distinguish this case from any of the cases cited in the court's prior order. (*Id.*) Instead, respondent argues that petitioner is subject to detention under 8 U.S.C. § 1226(a), was denied bond by an immigration judge, and that his appeal window to challenge that decision remains open. (*Id.*) Respondent therefore argues that the petition should be denied because petitioner had not yet requested prudentially exhausted his administrative remedies. (*Id.* at 2–4.) Respondent has not indicated any opposition to this court ruling directly on the merits of the underlying petition based on the briefing presently before it, and the court will do so.

Based upon the parties' submissions, the court finds the following facts. The petitioner is a native and citizen of Venezuela who first applied for inspection and admission to the United States on or about September 30, 2023, at the Miami International Airport. (Doc. No. 6-1 at 1–2.) At that time, petitioner was formally admitted to the United States. (*Id.*) On February 17, 2024, petitioner timely filed an application for asylum and withholding of removal (Form I-589) with U.S. Citizenship and Immigration Services ("USCIS"); that application remains pending. (*Id.*) On or about August 24, 2026, ICE detained petitioner for unknown reasons.[1] (Doc. Nos. 6-1 at 2–3.) There is no indication that petitioner was provided with advance notice or a hearing before ICE detained him.[2] Following his detention, petitioner filed this habeas action. (Doc. No. 1.)

---

[1] The court observes that it is suspect whether immigration agents had any specific, articulable facts indicating that petitioner was in the country unlawfully or had violated the terms of any prior admission insofar as the form I-213 fails to indicate how petitioner was encountered, under what circumstances, and whether there was any indication he had violated the terms of his nonimmigrant visa status. (Doc. No. 6-1 at 2.) The term "nonimmigrant" refers to an individual who lawfully entered the United States on a nonimmigrant visa rather than an individual who entered without inspection. 8 U.S.C. § 1101(a)(15) (defining classes of nonimmigrants); *Korab v. Fink,* 748 F.3d 875, 880 n.5 (9th Cir. 2014) (noting the INA "defines 'nonimmigrant' as any alien who has been admitted pursuant to one of the various visas set out in 8 U.S.C. § 1101(a)(15).")

[2] Respondent has not offered any evidence that petitioner received a notice of custody determination (Form I-286) or issued a Warrant for Arrest of Alien (Form I-200). (Doc. Nos. 6-1; 6-2.) Thus, it is unclear whether a hearing was provided prior to or contemporaneously with petitioner's detention, and it is also unclear whether notice was provided to petitioner before he was detained. It is also unclear whether a warrant for arrest was issued prior to petitioner's detention.

During his removal proceedings and prior to the filing of the instant petition, petitioner requested a bond redetermination hearing before an immigration judge. (Doc. No. 6 at 1.) On September 23, 2026, an immigration judge ultimately denied bond finding petitioner to pose a risk of flight. (Doc. No. 6-3 at 1–3.) Respondent argues that the petitioner should be required to exhaust his administrative remedies, and that the post-deprivation bond process satisfies due process. (*Id.*)

The court first addresses whether petitioner's detention was lawful. The court finds persuasive and adopts the analysis set forth in *Kharitonova v. Albarran*, No. 3:26-cv-01362-JSC, 2026 WL 531441 (N.D. Cal. Feb. 25, 2026). There, as here, the petitioner entered the United States on a nonimmigrant visa and subsequently filed an application for asylum thus establishing that immigration officials were aware of the petitioner's presence, initially approved of that presence, and when the status expired, did not promptly detain based on that expiration. *Id.* at *1. In *Kharitonova*, the district court found that the petitioner had a protected liberty interest because, "[a]lthough the government did not detain and then release her, it made a decision *not* to detain her in the first place; Petitioner thus has the same liberty interest in her continued freedom as an individual initially detained." *Id.* at *2; *see also Prior v. Andrews, et al.*, No. 1:25-cv-01131-JLT-EPG (HC), 2026 WL 698801, at *3 (E.D. Cal. Mar. 12, 2026) ("Petitioner developed a liberty interest in remaining out of custody following ICE's decision not to detain him for the past five years, despite being aware of his deportable convictions as early as February 24, 2020, when the Notice to Appear was issued."). This analysis also aligns with the Supreme Court's original reasoning for finding that parolees have a protected liberty interest. *Morrissey v. Brewer*, 408 U.S. 471, 482 (1972). There, as here, the release (or decision not to detain) is "based on an evaluation[,]" allows for "a relatively normal life[,]" and as a result the parolee or petitioner "relied on at least an implicit promise" that the parole or decision not to detain will be revoked only if he fails to live up to the applicable "conditions." *Id.*

Thus, pursuant to the reasons stated in *Kharitonova* and *Perez v. Albarran*, No. 1:25-cv-01540-DAD-CSK (HC), 2025 WL 3187578 (E.D. Cal. Nov. 14, 2025), where the petitioner similarly had a protected liberty interest, the court finds that petitioner's detention without proper pre-deprivation procedures violated his right to due process. *See also Kalkan v. Chestnut,* No.

1:26-cv-02028-DAD-EFB, 2026 WL 788112, at *2 (E.D. Cal. Mar. 20, 2026), *appeal dismissed*, No. 26-3277, 2026 WL 2446315 (9th Cir. June 18, 2026) (reaching the same conclusion where the petitioner had lived in the United States for nearly three years and the government was aware of his presence by virtue of his asylum case but did not promptly detain him).

Finally, the court observes that there is no indication that a warrant for arrest (Form I-200) was issued prior to petitioner's arrest and detention, and thus the court concludes that petitioner's detention is not authorized by statute and the appropriate remedy here is to order his immediate release. *Mayen v. Warden, Mayen v. Warden, California City Det. Ctr.,* 2026 WL 1158217, at *1–2; *see also Galvez-Mondragon v. Warden, California City Corr. Ctr.*, No. 1:26-cv-04801-DAD-CKD (HC), 2026 WL 1992900, at *1 (E.D. Cal. July 9, 2026) ("Given these circumstances, the record does not show that petitioner was arrested pursuant to a warrant aside from exhibits that were filed the same day as petitioner was arrested on what the court must presume constitutes an administrative warrant created after the fact.")

For the reasons stated above,

1. Petitioner's petition for writ of habeas corpus (Doc. No. 1) is GRANTED as follows:
    a. Respondent is ORDERED to immediately release petitioner Jose Luis Rodriguez Kanzler, A-File No. 233-903-784, under the same conditions he was subject to, if any, prior to detaining him on or about August 24, 2026;
    b. Respondent is ENJOINED and RESTRAINED from re-detaining petitioner for any purpose, absent exigent circumstances, without notice and a hearing before an immigration judge at which hearing respondent will have the burden of establishing that petitioner is either a danger or flight risk by clear and convincing evidence;
2. Petitioner's motion for temporary restraining order (Doc. No. 2) is DENIED as having been rendered moot by this order granting habeas relief;
3. The Clerk of the Court is directed to serve the Mesa Verde Detention Facility with a copy of this order; and

4. The Clerk of the Court is also directed to ENTER judgment in favor of petitioner and to close this case.

IT IS SO ORDERED.

Dated: **November 24, 2026**

Dale A. Drozd
DALE A. DROZD
UNITED STATES DISTRICT JUDGE